

```
                                    FILED
                               U.S. DISTRICT COURT
                             EASTERN DISTRICT ARKANSAS

       IN THE UNITED STATES DISTRICT COURT        JUL 2 6 2002
             EASTERN DISTRICT OF ARKANSAS
                   WESTERN DIVISION          JAMES W. McCORMACK, CLERK
                                             By: _____ DEP CLERK
```

TINA K. WILLIMAS, On Behalf of Herself &
All Others Similarly Situated                                           PLAINTIFF

v.                              NO. 4:01CV00796 WRW

RECTOR PHILLIPS MORSE, INC.                                             DEFENDANT

MIKE TOMASULO, On Behalf of Himself &
All Others Similarly Situated                                           PLAINTIFF

v.                              NO. 4:01CV00797 SWW

REAL ESTATE CENTRAL, INC, &
INTERACTIVE MANAGEMENT.COM, INC.                                        DEFENDANT

ART MAUNE, On Behalf of Himself &
All Others Similarly Situated                                           PLAINTIFF

v.                              NO. 4:01CV00827 SMR ✓

RAINEY REALTY, INC.                                                     DEFENDANT

JACK E. WINKLER, On Behalf of Himself &
All Others Similarly Situated                                           PLAINTIFF

v.                              NO. 4:01CV00851 SWW

SUPERIOR FINANCIAL CORPORATION                                          DEFENDANT

ORDER

On May 2, 2002, Plaintiff filed a motion to transfer and consolidate the above-captioned actions (Doc. 29) and contemporaneously filed a motion for leave to amend the complaint (Doc. 27). Defendant s Rector Phillips Morse, Inc. ("RPM"), Interactive Management.com, Inc. ("IMI"), Rainey Realty, Inc., and Superior Financial Corp. ("SUFI") each filed responses to the motion to transfer and consolidate (Docs. 35, 31, 37). RPM filed a response to the motion for



leave to amend the complaint (Doc. 33) and Plaintiff replied (Doc. 40). Plaintiff also replied to the Defendants' responses to the motion to transfer and consolidate (Doc. 43). For the reasons stated below, Plaintiff's motions are DENIED.

Plaintiffs have each filed a class action complaint (the "related actions") alleging that defendants in their respective actions violated the Real Estate Settlement Procedures Act ("RESPA")[1] in the settlement of plaintiffs' real estate transaction involving a federally related mortgage loan.

## I.  Consolidation

In November and December of 2001, plaintiffs' counsel filed seven separate actions against seven separate defendants claiming that those defendants violated RESPA (the "REPSA cases").[2] The remaining four lawsuits allege violations of RESPA, as well as state law claims. However, the mere fact that similar causes of action have been pled is not sufficient to justify consolidation.[3]

Federal Rule of Civil Procedure 42(a) states:

---

[1] RESPA prohibits the giving or accepting of any fee, kickback or thing of value in exchange for a referral for real estate settlement services involving a federally related mortgage loan. 12 U.S.C. § 2607(a).

[2] *Epps v. Stewart information Serv. Corp.*, 4:01CV00764 (assigned to Judge Moody); *Handley v. Stewart Title*, 4:01CV00778 (assigned to Judge Wright); *England v. Agentonline.com Realty*, 4:01CV00795 (assigned to Judge Wilson); *Williams v. Rector Phillips Morse, Inc.*, 4:01CV00796 (assigned to Wilson); *Tomasulo v. Real Estate Central, Inc. & Interactive Management.com*, 4:01CV00827 (assigned to Judge Wright); *Maune v. Rainey Realty, Inc.*, 4:01CV00827 (assigned to Judge Reasoner); *Winkler v. Superior Financial Corp.*, 4:01CV00851 (assigned to Judge Wright). *Epps* was dismissed for lack of personal jurisdiction; *Handley* was dismissed without prejudice; and *England* has settled.

[3] *See Sidari v. Orleans County*, 174 F.R.D. 275 (W.D.N.Y. 1996).

2

Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joinder hearing or trial of any or all the matters in issue in the actions, it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Consolidation is intended in appropriate circumstances to expedite the court's docket and to conserve judicial resources.[4] In determining whether consolidation is appropriate, the court must first determine whether the proceedings involve a common party and common issues of fact or law.[5] Once such a determination is made, a court has broad discretion in determining if consolidation is desirable.[6] However, consolidation should not be ordered if it would prejudice a defendant, because consideration of convenience or economy is more important than the interest of justice and a fair and impartial trial.[7]

### A.   Commonality

None of these four cases involve a common party: Each of the four lawsuits comprise separate and distinct real estate transactions not related to the other but for the closing and title agent, Stewart Title.[8] The named plaintiff in each suit is a different individual with no relationship to the other named plaintiffs. Similarly, the named defendants are different physical and legal entities (three separate real estate brokers and one financial institution). None of the

---

[4]*See Devlin v. Transportation Communications Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).

[5]*See Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994).

[6]*Id.*

[7]*See Flintkote v. Allis-Chalmers Corp.*, 73 F.R.D. 463, 464-65 (S.D.N.Y. 1977).

[8]Stewart Title is presently not a party in any of these pending suits.

defendants are related to or owned, in part or in whole, by any other defendants.

Additionally, the allegations with respect to each defendant are also separate and unique--there are no common issues of fact. As the exhibits indicate, the four real estate transactions which Plaintiff attempts to consolidate have no party in common other than Stewart Title. For example, plaintiff Tomasulo has alleged that certain "arrangements" and "agreements" existed between Stewart Title and Interactive Management.[9] He has not alleged that those relationships include any of the other defendants in the RESPA cases, nor has Tomasulo alleged that Interactive Management acted in concert with the other defendants named in the RESPA cases.

Accordingly, Plaintiff's motion to consolidate is DENIED.

## II.  Amendment of the Complaint

Plaintiff also moves to amend her complaint, seeking to add state claims of Deceptive Trade Practices Act violations and breach of fiduciary duty. Rule 15 of the Federal Rules of Civil Procedure provides that "leave shall be freely given" to amend a pleading "when justice so requires." However, a "district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated."[10]

The Eighth Circuit held in *Glover v. Standard Fed. Bank*, 283 F.3d 953 (8th Cir. 2002), that class actions are inappropriate under the RESPA provisions at issue here because the inquiry is necessarily a transaction-by-transaction inquiry. Because *Glover* holds that it is inappropriate to certify a class action for claims alleging RESPA violations is a transaction-by-transaction

---

[9] Case No. 4:01CV00797.

[10] *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001) (citations omitted).

4

inquiry, logic dictates it would be inappropriate to have four putative class actions merged into one action.

Plaintiff's proposed amended complaint would add sixteen additional plaintiffs and six additional defendants. It appears Plaintiff is attempting to merge the RESPA cases into one lawsuit in an effort to circumvent consolidation, which I denied. Therefore, Plaintiff's motion to amend her complaint is DENIED.

IT IS SO ORDERED this 26th day of July, 2002.

_____
UNITED STATES DISTRICT JUDG

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 7/30/02 BY cmts

```
                                                                    bt
                   UNITED STATES DISTRICT COURT
                     Eastern District of Arkansas
                          U.S. Court House
                     600 West Capitol, Suite 402
                   Little Rock, Arkansas 72201-3325
```

July 30, 2002

\* \* MAILING CERTIFICATE OF CLERK \* \*

Re:   4:01-cv-00827.

True and correct copies of the attached were mailed by the clerk to the following:

```
     Steven Eugene Cauley, Esq.
     Cauley Geller Bowman & Coates, LLP
     Post Office Box 25438
     Little Rock, AR   72221-5438

     Curtis L. Bowman, Esq.
     Cauley Geller Bowman & Coates, LLP
     Post Office Box 25438
     Little Rock, AR   72221-5438

     Randall Keith Pulliam, Esq.
     Cauley Geller Bowman & Coates, LLP
     Post Office Box 25438
     Little Rock, AR   72221-5438

     Connie L. Grace, Esq.
     Cauley Geller Bowman & Coates, LLP
     Post Office Box 25438
     Little Rock, AR   72221-5438

     J. Leon Holmes, Esq.
     Quattlebaum, Grooms, Tull & Burrow PLLC
     111 Center Street
     Suite 1900
     Little Rock, AR   72201

     Timothy W. Grooms, Esq.
     Quattlebaum, Grooms, Tull & Burrow PLLC
     111 Center Street
     Suite 1900
     Little Rock, AR   72201

     Patrick William McAlpine, Esq.
     Quattlebaum, Grooms, Tull & Burrow PLLC
     111 Center Street
```

Suite 1900
Little Rock, AR   72201

cc: Judge Reasoner, press

James W. McCormack, Clerk

Date: 7/30/02    BY: BTYree